IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEONYA HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:10-0758 |
| ) | Judge Trauger |
| WAL-MART STORES, INC., d/b/a Sam's Club, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM and ORDER</u>**

The defendant has filed a Motion to Dismiss (Docket No. 19), to which the *pro se* plaintiff has failed to respond.

The defendant asks that this case be dismissed pursuant to Rule 41(b), FED. R. CIV. P., for failure of the plaintiff to prosecute her case and to comply with this court's Orders. Four factors must be considered by the court when determining if a case is appropriately dismissed for failure to prosecute under Rule 41(b):

    (1)    whether the party's failure is due to willfulness, bad faith, or fault;

    (2)    whether the adversary was prejudiced by the dismissed party's conduct;

    (3)    whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

    (4)    whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (internal citations omitted).

Here, the plaintiff filed her case on August 12, 2010 and was, at that time, represented by two lawyers with offices in Murfreesboro, Tennessee, where the plaintiff lives. Those lawyers

1

were permitted to withdraw as the plaintiff's counsel on July 20, 2011 and, in the Order granting their motion, the court gave the plaintiff thirty (30) days within which to retain new counsel. In the same Order, due to the withdrawal of counsel, the court granted the joint motion to extend the discovery deadline to August 26, 2011 and the dispositive motion deadline to September 23, 2011. (Docket No. 12) The certified mail receipt for the sending of this Order came back "Unclaimed" (Docket No. 17), but the regular mail mailing was not returned to the court. Therefore, the court must assume that the plaintif received this Order.

With the deadline for new counsel to enter an appearance of record being August 20, 2011, by Order entered August 2, 2011, upon motion of the defendant, the court set a telephonic status conference for August 22, 2011, if no new counsel had entered an appearance of record before that time. (Docket No. 15) The Order contained this language:

> The plaintiff is **FOREWARNED** that, should she not timely call Judge Trauger's chambers in order to participate in the status conference on August 23, 2011 at 12:00 noon, or file a motion to continue the status conference because she is unable to participate at that time, the court will interpret that action as indicating that the plaintiff has lost interest in pursuing this case, and the case may be dismissed for failure to comply with court orders and to prosecute.

(Docket No. 15 at 1) This Order also was sent by regular mail and by certified mail to the plaintiff at her home address. The certified mail receipt was returned "RTS–Vacant." (Docket No. 18) The regular mail was not returned to the court.

No new counsel had entered an appearance on behalf of the plaintiff by the time of the August 22 status conference. Nor did the plaintiff call Judge Trauger's chambers to participate in the telephonic status conference or file a motion to reset the conference because she was unable to participate. In fact, there has been no contact from the plaintiff with the court since her lawyers were allowed to withdraw, and she has not responded to the pending Motion to Dismiss.

2

Clearly the defendant has been prejudiced by the plaintiff's failure to retain new counsel or to signal to the court that she wishes to proceed with the case under her own representation. The new discovery date has now passed, and it is unlikely that the case will be ready for trial on the trial date of November 29, 2011. The plaintiff was warned that her failure to participate in the status conference could lead to the dismissal of her case for failure to comply with court orders and to prosecute. From this record, the court must assume that the plaintiff received notice of the requirement to participate in the status conference and simply chose, willfully or in bad faith, to not appear, as ordered. An alternative explanantion–that she has moved but not kept the court informed of her whereabouts–also indicates either bad faith or a lack of interest in pursuing this case.

For all these reasons, it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE** for failure to prosecute and to follow court orders.

It is so **ORDERED**.

ENTER this 20th day of September 2011.

_____
ALETA A. TRAUGER
U.S. District Judge